UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80910-CIV-COHN

FEDERICO BARTELLONI and
HORACIO VERA, on their own behalf
and on behalf of others similarly situated,           Magistrate Judge Snow

    Plaintiffs,

vs.

ALEX DECASTRO, individually, and d/b/a RAPCAM, INC.,
and d/b/a DE CASTRO BROS MARBLE,
and DECASTRO BROS MARBLE, INC.,

    Defendants.
_____/

### ORDER DEFERRING RULING ON THE PARTIES' STIPULATION

**THIS CAUSE** is before the Court upon the parties' Joint Stipulation of Dismissal [DE 37]. The Court has carefully reviewed the filing and is otherwise fully advised in the premises.

The parties seek for the Court to approve a Confidential Settlement Agreement pursuant to <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982). If an employee brings a private action against his or her employer for FLSA violations, that employee may only agree to compromise their rights under the FLSA (i.e. entering a settlement agreement that provides for a waiver of all other FLSA claims) upon entry of a stipulated judgment of the district court after the court scrutinizes the settlement agreement for fairness.[1] However, the parties did not submit the actual Settlement

---

[1] <u>Lynn</u> does not limit a plaintiff's right to dismiss an action pursuant to Fed. R. Civ. P. 41. Rather, it address situations in which the parties seek to dismiss the case as a result of a settlement that compromises the plaintiff's ability to seek FLSA redress in the future.

Agreement to the Court, and if the Agreement was filed under seal, no justification for such action was included in the Stipulation.

As requested, the Court cannot grant the motion without reviewing the actual agreement. Three options are available which protect the parties' interest in confidentiality. The parties' two possible options appears to be for the Court to review the agreement in camera and essentially "off the record," or to file the settlement under seal for the Court to review in camera, which at least makes the agreement part of the record. The third option would be for the Court to hold a hearing in which the agreement is reviewed by the Court during the hearing.

The problem with both types of in camera review is that it "is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). This common law presumption of access to documents filed with a court is not absolute.[2] For example, documents exchanged in discovery or settlement agreements not filed with the court need not be subject to public review. See Federal Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987); Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781-83 (3d Cir. 1994). However, if a settlement agreement is filed with the court for approval

---

[2] Accountability is one of the principal justifications for allowing public access to court records. See, e.g., Union Oil Co. of California v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000). While most cases that discuss the sealing of court records involve third party-challenges, the fact that no such challenge exists here is inconsequential because the presumption of openness does not depend upon media interest. Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003). Rather, the presumption in favor of openness in this matter is based upon the "citizen's desire to keep watchful eye on the workings of the public agencies." Nixon, 435 U.S. at 598.

or interpretation, then the parties must demonstrate extraordinary circumstances in order to deny the public access to the agreement.  Brown v. Advantage Eng'g Inc., 960 F.2d 1013, 1016 (11th Cir. 1992); Herrnreiter v. Chicago Hous. Auth., 281 F.3d 634, 637 (7th Cir. 2002); Bank of Am. Nat'l Trust & Sav. Assoc. v. Hotel Rittenhouse Ass'n, 800 F.2d 339, 345 (3d Cir. 1986).

"The strength of the presumption of openness falls along a continuum, with the presumption being stronger for documents that 'directly affect an adjudication' than for documents, such as discovery materials, that 'come within a court's purview solely to insure their irrelevance.'" Stalnaker, 293 F. Supp. 2d at 1264 (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)).  Absent an extraordinary reason, the sealing from public scrutiny of a settlement agreement in a FLSA case would "thwart the public's independent interest in assuring that employee's wages are fair and thus do not endanger 'the national health and well-being.'"  Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945)).  Accordingly, there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement case unsealed and available for public review.  When faced with a request to seal judicial documents the Court must weigh the interests in favor of openness – i.e., judicial transparency – against the interest of the parties in keeping the matter secret.  Jessup v. Luther, 277 F.3d 926, 928 (7th Cir. 2002).

In this case, the parties appear to  seek to have the Court review the settlement agreement while simultaneously keeping the agreement confidential.  The only justification given by the parties for keeping the settlement agreement out of public access is that confidentiality is one of the material terms of the settlement agreement.

3

This reason fails to establish an extraordinary reason for keeping the agreement confidential.

Returning to the three options described above, the Court's preference in this situation is to hold a fairness hearing, at which time the parties can explain why their need for confidentiality trumps the general rule of open access to records. At the same time, the Court can review the actual settlement agreement during the hearing.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. A ruling on the parties' Joint Stipulation of Dismissal [DE 37] is hereby **DEFERRED**;

2. A hearing is hereby set for 10:00am on Thursday, August 2, 2007 in Courtroom 203E of the United States Courthouse, 299 E. Broward Blvd., Fort Lauderdale, Florida;

3. Counsel may appear by telephone, though they will need to make such arrangements with chambers staff prior to the day of the hearing;

4. The pending motions regarding enforcement of a prior settlement agreement and for default judgment are hereby **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of July, 2007.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

copies to:

Keith Stern, Esq.

Kevin Mason, Esq.